**Marvin Edward JENNINGS, Petitioner,**

v.

**PAROLE BOARD OF VIRGINIA,**
**Respondent.**

**No. Civ.A. 98–742–AM.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 9, 1999.

Marvin Edward Jennings, petitioner pro se.

Matthew P. Dulligan, Assistant Attorney General, Richmond, Virginia, for respondent.

*ORDER*

ELLIS, District Judge.

Petitioner, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on grounds that the Parole Board of Virginia (Parole Board) improperly denied him parole and engaged in other improper parole policies. Petitioner raised six distinct claims.[1] By Order dated April 28, 1999, and for reasons stated in an accompanying Memorandum Opinion, all of petitioner's claims were dismissed as meritless, save his argument in Claim 4 that the Parole Board violated his right to due process by failing to provide him with a copy of its parole eligibility criteria before his parole reviews. *See Jennings v. Parole Board of Virginia*, 61 F.Supp.2d 462, 469 (E.D.Va. 1999). The record at the time revealed that petitioner was not provided with the criteria used by the Parole Board before such reviews. *Id.* Because the Due Process Clause requires the Parole Board to make parole criteria readily available to all parole eligible inmates, the conclusion was reached that petitioner's due process rights were violated. *Id.* (citing *Franklin v. Shields*, 569 F.2d 784, 792–93 (4th Cir.1977)).

Yet, this did not end the analysis for it remained unclear from the record whether petitioner was harmed by this technical constitutional violation. As such, disposition of this issue was deferred pending further briefing. Specifically, petitioner was directed to inform the Court (i) wheth-

---

1. For a complete listing of all of petitioner's claims, *see Jennings v. Parole Board of Virgi-* nia, 61 F.Supp.2d 462, 469 (E.D.Va. 1999).

er he suffered any harm as a result of respondent's failure to provide access to the Parole Board's criteria before his parole reviews; and (ii) if so, what relief should be afforded him; and (iii) if not, whether the claim should be dismissed. Petitioner was required to describe any alleged harm with particularity. Respondent was directed to respond to petitioner's submission and to address the same issues. The parties complied and this matter is now ripe for disposition.

Petitioner, by sworn affidavit, states that the Parole Board's failure to provide him with its criteria before his parole reviews resulted in his being misled. He asserts that he was consistently told by Virginia Department of Corrections (VDOC) officials that his behavior in prison was the paramount factor in determining whether he would be granted parole and that his behavior and accomplishments in prison would lead to his release on parole.[2] Petitioner asserts that, based upon such advice, he was a model prisoner and worked to improve himself while incarcerated.[3] He states that, had he been aware of the criteria, "different preparations would have been made, different decisions would have been reached . . . which could have led to my being granted parole." Nowhere does petitioner specify what those preparations and decisions would have been. Petitioner contends that he experienced extreme psychological hardship because he incorrectly believed that the sole criterion considered by the Parole Board was his behavior in jail. He further avers that without an explanation of the Parole Board's criteria, he did not know that an inmate's past behavior and criminal history, among the criteria considered by the Parole Board, could include the facts and circumstances of the crime giving rise to an inmate's current incarceration. Petitioner also provides policy reasons as to why this violation should not be treated as harmless error.[4] In addition, he argues that because his right to know the Parole Board's criteria before parole reviews is a fundamental constitutional right, the violation of this right cannot be considered harmless error.[5] Thus, he seeks a writ to void the Parole Board's three-year deferral of his next parole review, and to direct the Parole Board instead to review petitioner for parole in 1999.

The Parole Board, in response, contends that petitioner has failed to show any constitutionally cognizable harm as a result of not having the Parole Board criteria before his parole reviews. More specifically, the Parole Board correctly points out that petitioner has failed to demonstrate what new information he would have been able to provide had he received the criteria or that he was precluded from presenting any information to the Parole Board. Indeed, as the Parole Board notes, it appears that petitioner in fact presented information on all of the criteria in his parole reviews.

The Parole Board has much the better side of this argument. In the context of alleged constitutional errors at trial, the appropriate harmless error inquiry presented on federal habeas review is whether the error had a "substantial and injurious

---

**2.** Petitioner states that he was transferred from a maximum-security to a medium-security institution in 1997, and was told that his transfer indicated that he was being "readied for parole."

**3.** In addition, petitioner states that he married while incarcerated and that employers held jobs open to him based upon such advice.

**4.** Specifically, he asserts that the Parole Board's behavior encourages inmates to distrust the government and its agents and that

deeming this due process violation a harmless error eliminates incentives for the Parole Board or other governmental entities to comply with their constitutional obligations.

**5.** In addition, petitioner's wife specifies that she and petitioner have endured psychological harm as a result of his serving fifteen years in prison without parole criteria. She states that this harm is evidenced by petitioner's "disillusionment and shock at being denied parole."

effect or influence in determining the jury's verdict." *Cooper v. Taylor,* 103 F.3d 366, 370 (4th Cir.1996) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). Adapting this standard to fit this context, the burden is on petitioner to demonstrate that the Parole Board's failure to provide him with its criteria before his parole reviews had a substantial and injurious effect or influence on its repeated determination that petitioner was unsuitable for parole. Petitioner has failed to satisfy his burden.

To begin with, while petitioner did not receive formal notice that the Parole Board's criteria included the serious nature and circumstances of his offense, it now appears that he did receive effective notice of this fact. Specifically, the record reveals that petitioner's first parole denial in 1996 was explicitly based on the serious nature and circumstances of his offense. He was therefore on notice that the nature and circumstances of the offense leading to his present incarceration was relied on by the Parole Board in determining whether to grant parole.[6] In addition, petitioner has failed to show that had he formally received a copy of the Parole Board's criteria, he would have, or indeed could have, submitted any different information that would have made it more likely that the Parole Board would deem him suitable for parole. Because there is no showing that the Parole Board's failure to provide petitioner with its criteria before his parole reviews had a substantial and injurious effect or influence on the Board's decisions to deny petitioner parole, failure to provide such criteria constitutes harmless error.

Accordingly, it is hereby **ORDERED** that:

1. Respondent's Motion to Dismiss is **GRANTED** with respect to the portion of Claim 4 that remains active on the Court's docket;

2. This action be and is **DISMISSED** in its entirety.

Should petitioner wish to appeal, he must file a notice of appeal within thirty (30) days of the date of this Order. Petitioner also must request a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253; Fed. R.App.P. 22(b). This Court expressly declines to grant such certificate for the reasons stated in this Order.

The Clerk is DIRECTED to send copies of this Order to petitioner and to counsel for respondent. The Clerk is further DIRECTED to forward the state court records used in this action to the Clerk of the Circuit Court of the City of Salem and to forward the records related to this action submitted by counsel for respondent to the Office of the Attorney General of Virginia.

---

6. Petitioner has acknowledged that the Parole Board considered his presentence report in its parole reviews and that he argued to the Parole Board that it contained inaccuracies. In several of his appeals of adverse Parole Board decisions, petitioner argued that consideration of the "serious nature and circumstances of the offense" was irrelevant to his suitability for parole.